IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRINITY 83 DEVELOPMENT, LLC, | ) | Case No. 16-24652 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |
| | ) | |
| TRINITY 83 DEVELOPMENT, LLC, | ) | |
| | ) | Adv. No. 17-00286 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COLFIN MIDWEST FUNDING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This case requires the court to consider whether the cancellation of a satisfaction of mortgage in the record system constitutes a transfer within the meaning of 11 U.S.C. § 101(54). As explained below, the cancellation did not constitute a "transfer," and the court must dismiss the complaint for failure to state a claim.[1]

**Background**

In 2006, Trinity 83, LLC ("Trinity") granted a mortgage and assignment of rents on its commercial real property located at 19100 S. Crescent Drive in Mokena, Illinois to secure a loan now in the approximate amount of $2.2 million made to it by First Midwest Bank. Later, First Midwest sold its rights to ColFin Funding Midwest, LLC ("ColFin"). In 2013, ColFin's loan

---

[1] Jurisdiction over this matter is proper pursuant to 28 U.S.C. §§ 157, 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408(1), 1409(a). A fraudulent transfer claim is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H); *see also In re Glick*, 568 B.R. 634, 653 (Bankr. N.D. Ill. 2017).

servicing agent mistakenly recorded a satisfaction of the mortgage with the Will County recorder's office. In spite of the mistaken satisfaction, both parties continued to perform their obligations under the loan agreement as Trinity continued to make all payments to ColFin in reliance on the loan agreement and ColFin continued to receive the payments. In 2015, after discovering the mistake, ColFin recorded a cancellation of the satisfaction. That same year, ColFin instituted proceedings to foreclose the mortgage in state court. Thirteen months later, Trinity filed a voluntary petition under Chapter 11, staying the state court foreclosure. Very shortly thereafter, it filed an adversary proceeding seeking to find that the cancellation of the prior satisfaction was invalid under Illinois law and/or that the underlying note was invalid.[2] The court granted ColFin's motion to dismiss.

On May 15, 2017, Trinity filed a second adversary proceeding seeking to avoid, as a fraudulent transfer, the cancellation that ColFin filed in 2015. ColFin filed a motion to dismiss for failure to state a claim on the basis that this action is foreclosed by *res judicata* principles. Based on the court's review of the law, it will decide the matter on other grounds.

## Discussion

A complaint may be dismissed if it fails to state a claim for relief. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). Detailed fact pleading is not required, but a mere recitation of elements will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the plaintiff must provide enough factual content that would, if accepted as true, allow for an inference of the defendant's liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, there must be enough substance, if true, to enable the court to draw the inference that a "transfer" occurred under the Bankruptcy Code (the "Code"). Granting a mortgage is a

---

[2] *See generally* Pl's Compl., 16ap00563, Docket # 1.

2

transfer; its perfection, by recording the mortgage document, is not a transfer. Similarly, the recording of a document purporting to reflect a cancellation, whether mistakenly or otherwise, does not constitute a "transfer"; only the underlying transaction which results in the cancellation constitutes the transfer. Because plaintiff alleges, and can only allege, that the recording itself constitutes the transfer, plaintiff's complaint will be dismissed.[3]

Section 548(a)(1) of the Code provides that the trustee[4] may, under certain circumstances,[5] avoid the transfer of the debtor's interest in property if such a transfer is made within two years of the debtor's bankruptcy filing. The definition of "transfer" includes the creation of a lien or the retention of title as a security interest in property. 11 U.S.C. § 101(54). While this definition is broad, it does require that the debtor must still relinquish some "property . . . or . . . interest in property." *Id.*; *cf. Pirie v. Chicago Title & Tr. Co.*, 182 U.S. 438, 444 (1901) (construing similar broad provision under the 1898 Act).

State law determines property interests. *Butner v. United States*, 440 U.S. 48, 55 (1979). Under Illinois law, it is clear that the granting of a mortgage is the "creation of a lien," or the granting of a property interest, and therefore constitutes a transfer under the Code.[6] *Illinois Tr.*

---

[3] Plaintiff does have a good argument that, for timing purposes, the grant of the mortgage actually took place on re-perfection. *See* 11 U.S.C. § 548(d)(1). The problem it seems is that, irrespective of the timing of the grant for purposes of the Code, the mortgage itself was undoubtedly granted originally in exchange for "reasonably equivalent value," namely the loan, and therefore absent some sort of actual fraud, the mortgage grant would not itself be avoidable under § 548 regardless of when it is said to have been made. *See id.* § 548(a)(1)(B)(i), (d)(2)(A). That is, with respect to fraudulent transfer law, there has never been a temporal aspect to the consideration received by the debtor as there has been with preference law. *See Pereira v. Dow Chem. Co. (In re Trace Int'l Holdings, Inc.)*, 301 B.R. 801, 806 (Bankr. S.D.N.Y. 2003); *Holbird v. Anderson*, 101 Eng. Rep. 132, 134 (K.B. 1793). This is why Trinity must argue that the act of re-perfection itself is the relevant "transfer" under § 101(54).

[4] Here, this role is performed by Trinity as debtor-in-possession. *See* 11 U.S.C. § 1107(a).

[5] If actually or constructively fraudulent. *See id.* § 548(a)(1)(B).

[6] As would the "assignment of rents" here, which is also undoubtedly a lien or security interest in Illinois. *See In re J.D. Monarch Dev. Co.*, 153 B.R. 829, 832 (Bankr. S.D. Ill. 1993); *In re Woodstock Assocs. I, Inc.*, 120 B.R. 436, 446 (Bankr. N.D. Ill. 1990). The use of the word "mortgage" in this opinion includes the assignment of rents.

*Co. of Paris v. Bibo*, 328 Ill. 252, 258, 159 N.E. 254, 257 (1927); *F.R.S. Dev. Co. v. Am. Cmty. Bank & Tr.*, 2016 IL App (2d) 150157, ¶ 54, 58 N.E.3d 26, 37. It is also clear that, absent statutory language to the contrary,[7] nothing more is "transferred" when the mortgagee records or otherwise perfects their interest in the property.[8] Recording does nothing to alter the rights and obligations of the parties to the mortgage as between themselves. That is, as to the grantor and grantee, a mortgage in Illinois is effective, and remains effective, from the date of its proper grant. *Union Cty., Ill. v. MERSCORP, Inc.*, 735 F.3d 730, 734 (7th Cir. 2013); *Harms v. Sprague*, 105 Ill. 2d 215, 224, 473 N.E.2d 930, 934 (1984); *Haas v. Sternbach*, 156 Ill. 44, 57, 41 N.E. 51, 54 (1894) ("No one will contend that the recording of a mortgage is, in this state, necessary to its validity."). The recording of a mortgage only serves to put later parties, without actual notice, on notice that they cannot take a superior legal position in the property vis-à-vis the mortgagee. *Field v. Ridgely*, 116 Ill. 424, 431, 6 N.E. 156, 159 (1886).[9]

---

[7] *See, e.g., In re Unglaub*, 332 B.R. 303, 317 (Bankr. N.D. Ill. 2005) (concluding that the recording of a mortgage constituted a transfer under the Colorado Uniform Fraudulent Transfer Act where the statute <u>specifically provided</u> that recordation of the interest constituted a transfer); *see also* Md. Code Ann., Real Prop. § 3-101(a) (specifically making recording a requirement to *pass title* in certain circumstances).

[8] Fundamentally this is because, absent statutory language that ties the effectiveness of the grant itself to its recording, the recording of an instrument which grants an interest in property serves only to protect the grantee of that interest against subsequent purchasers for value with no other notice; that is, the recording acts only operate to put the world on notice of the recorded interest. *See Bacon v. Nw. Mut. Life Ins. Co.*, 131 U.S. 258, 263 (1889); TIFFANY ON REAL PROPERTY § 790, at 841 (1940).

[9] While the Illinois Mortgage Foreclosure Law (IMFL) does speak of a mortgage being effective as a lien only from the time of its recording, *see* 735 ILCS 5/15-1301, it is assumed by courts in Illinois that this does not apply as to the original parties to the mortgage or as to anyone with actual notice of the interest. In discussing this statute alongside the Conveyances Act, 765 ILCS 5/30 (Illinois' general recording/notice statute), the Illinois Appellate Court remarked, "[i]t has, therefore, been recognized that <u>at least with respect to third parties</u>, a mortgage '"becomes effective when it is recorded. . ."'" *Barry v. Div. II, LLC*, 2013 IL App (1st) 121944-U, ¶ 42 (quoting *Firstmark Standard Life Ins. Co. v. Superior Bank FSB*, 271 Ill. App. 3d 435, 439, 649 N.E.2d 465, 468 (1995) (emphasis added)). The court then further noted that parties with actual or constructive notice of a mortgage take subject to that interest, which is plainly inconsistent with a literal reading of 735 ILCS 5/15-1301. *Barry,* at ¶ 43 (quoting *Skidmore, Owings & Merrill v. Pathway Fin.*, 173 Ill. App. 3d 512, 514, 527 N.E.2d 1033, 1034 (1988)). *See also In re Turner*, 558 B.R. 269, 278 (Bankr. N.D. Ill. 2016) (thoroughly discussing the above and predicting that the Illinois Supreme Court would hold that an unrecorded mortgage is effective against parties with notice); *In re Arnold*, 483 B.R. 515, 520 (Bankr. N.D. Ill. 2012) (noting, after citing and

Here, in 2006, Trinity granted a mortgage and assignment of rents to First Midwest Bank, securing its $2,025,000 loan. There was thus undoubtedly a "transfer" in 2006. Both of these security interests were also then properly recorded. This, of course, had no effect between First Midwest Bank and Trinity, the original parties to the mortgage. After Midwest sold the note and corresponding security interest to ColFin in 2011, ColFin's loan servicing agent mistakenly registered a satisfaction on the mortgage and assignment of rents. What was the effect of this? It rendered the security interests unperfected; that is, subsequent grantees without notice otherwise would take their interests free of the liens. *See Burgett v. Paxton*, 99 Ill. 288, 311 (1881) ("[W]here there has been a mistaken entry of satisfaction of record of a mortgage, a purchaser without actual notice of the mistake will take a title clear of the mortgage."). The mortgage and assignment of rents remained perfectly valid as between the parties. When the interest was re-perfected by filing the cancellation of satisfaction in 2015, again, nothing changed between the parties; no property rights changed hands.[10]

As such, the only relevant "transfer" was the granting of the mortgage. The re-perfection of that interest in the recording system did not "creat[e] . . . a lien,"[11] nor did the recording of the interest constitute a "mode"[12] of parting with the debtor's interest in property. The entirety of the mortgage had already been conveyed, and no interest in property was left to be relinquished by

---

discussing the IMFL and Conveyances Act, that it has "no quarrel" with the idea that mortgages are effective against parties with actual notice).

[10] For the recorded release to have had any effect as between the parties, Trinity would have had to have first paid off the underlying note(s). *See generally* 765 ILCS 905/2 (describing obligation to either deliver a release to the mortgagor or cause it to be recorded, but *only after* "having received *full satisfaction and payment* of all such sum or sums of money as are really due to him from the mortgagor") (emphasis added); *see also N. Shore Cmty. Bank & Tr. Co. v. Sheffield Wellington LLC*, 2014 IL App (1st) 123784, ¶ 69-76, 20 N.E.3d 104, 117-19 (assuming that full payment is a necessary condition to a valid release between the parties).

[11] 11 U.S.C. § 101(54).

[12] *Id.*

the debtor-mortgagor that could have been acquired by any act of perfection or re-perfection on the part of the mortgagee.

### Conclusion

The plaintiff's complaint alleges that the cancellation of satisfaction in the record system constituted an avoidable "transfer" under § 548. In order to state a claim for relief, this allegation, if true, must allow for an inference of the defendant's liability. Owing to the fact that the recording of a mortgage[13] in Illinois does not, as a matter of law, constitute a "transfer" under § 101(54), a separate order will be issued dismissing the plaintiff's complaint with prejudice for failure to state a claim upon which relief can be granted.

Dated: September 11, 2017

_____
DEBORAH L. THORNE
UNITED STATES BANKRUPTCY JUDGE

---

[13] The cancellation of the satisfaction in this case amounts to a re-recording of the mortgagee's interest.

6