IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRINITY 83 DEVELOPMENT, LLC, | ) | Case No. 16-24652 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |
| | ) | |
| TRINITY 83 DEVELOPMENT, LLC, | ) | |
| | ) | Adv. No. 17-00286 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COLFIN MIDWEST FUNDING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED MEMORANDUM OPINION[1]

This case requires the court to consider whether, in Illinois, the cancellation of a mistaken satisfaction of mortgage in the record system constitutes a transfer within the meaning of 11 U.S.C. § 101(54). As explained below, the cancellation did not constitute a "transfer," and the court must dismiss the complaint for failure to state a claim.[2]

## Background

In 2006, Trinity 83, LLC ("Trinity") granted a mortgage and assignment of rents on its commercial real property located at 19100 S. Crescent Drive in Mokena, Illinois to secure a loan now in the approximate amount of $2.2 million made to it by First Midwest Bank. Later, First

---

[1] This Amended Memorandum Opinion replaces, in total, the earlier filed Memorandum Opinion at Docket No. 13.

[2] Jurisdiction over this matter is proper pursuant to 28 U.S.C. §§ 157, 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408(1), 1409(a). A fraudulent transfer claim is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H); see also In re Glick, 568 B.R. 634, 653 (Bankr. N.D. Ill. 2017).

Midwest sold its rights to ColFin Funding Midwest, LLC ("ColFin"). In 2013, ColFin's loan servicing agent mistakenly recorded a satisfaction of the mortgage with the Will County recorder's office. In spite of the mistaken satisfaction, both parties continued to perform their obligations under the loan agreement, as Trinity continued to make all payments to ColFin in reliance on the loan agreement, and ColFin continued to receive the payments. In 2015, after discovering the mistake, ColFin recorded a cancellation of the satisfaction. That same year, ColFin instituted proceedings to foreclose the mortgage in state court. Thirteen months later, Trinity filed a voluntary petition under Chapter 11, staying the state court foreclosure. Very shortly thereafter, it filed an adversary proceeding seeking to find that the cancellation of the prior satisfaction was invalid under Illinois law and/or that the underlying note was invalid.[3] The court granted ColFin's motion to dismiss, deciding in pertinent part that the mistaken recording of the satisfaction did not alter the rights of ColFin and Trinity, the actual parties to the mortgage.

On May 15, 2017, Trinity filed a second adversary proceeding seeking to avoid, as a fraudulent transfer, the cancellation that ColFin had filed in 2015. ColFin filed a motion to dismiss for failure to state a claim on the basis that this action is foreclosed by *res judicata* principles. Based on the court's review of the law, it will decide the matter on other grounds.

## Discussion

A complaint may be dismissed if it fails to state a claim for relief. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). Detailed fact pleading is not required, but a mere recitation of elements will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the

---

[3] *See generally* Pl's Compl., 16ap00563, Docket # 1.

plaintiff must provide enough factual content that would, if accepted as true, allow for an inference of the defendant's liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, there must be enough substance, if true, to enable the court to draw the inference that a "transfer" occurred under the Bankruptcy Code (the "Code") when the cancellation of the satisfaction was recorded. Granting a mortgage is a transfer; its perfection, by recording the mortgage document, is not a transfer between the parties to the mortgage being recorded. Similarly, the mistaken recording of a document purporting to reflect a satisfaction does not constitute a "transfer" between the parties because it only renders the interest vulnerable to later *bona fide* purchasers, and it is therefore only an act of recording relevant to third party notice, as is the later cancellation of that same document. Because plaintiff alleges, and can only allege, that this act of recording, namely the cancellation of the mistaken entry of satisfaction, constitutes the relevant transfer here, plaintiff's complaint will be dismissed.

Section 548(a)(1) of the Code provides that the trustee[4] may, under certain circumstances,[5] avoid the transfer of the debtor's interest in property if such a transfer is made within two years of the debtor's bankruptcy filing. The definition of "transfer" includes the creation of a lien or the retention of title as a security interest in property. 11 U.S.C. § 101(54). While this definition is broad, it does require that the debtor must still relinquish some "property . . . or . . . interest in property." *Id.*; *cf. Pirie v. Chicago Title & Tr. Co.*, 182 U.S. 438, 444 (1901) (construing similar broad provision under the 1898 Act).

State law determines property interests. *Butner v. United States*, 440 U.S. 48, 55 (1979). Under Illinois law, it is clear that the granting of a mortgage is the "creation of a lien," or the

---

[4] Here, this role is performed by Trinity as debtor-in-possession. *See* 11 U.S.C. § 1107(a).
[5] If actually or constructively fraudulent. *See id.* § 548(a)(1)(B).

granting of a property interest, and therefore constitutes a transfer under the Code.[6] *Illinois Tr. Co. of Paris v. Bibo*, 328 Ill. 252, 258, 159 N.E. 254, 257 (1927); *F.R.S. Dev. Co. v. Am. Cmty. Bank & Tr.*, 2016 IL App (2d) 150157, ¶ 54, 58 N.E.3d 26, 37. It is also clear that, absent statutory language to the contrary,[7] nothing more is "transferred" when the mortgagee records or otherwise perfects their interest in the property.[8] Recording does nothing to alter the rights and obligations of the parties to the mortgage as between themselves. That is, as to the grantor and grantee, a mortgage in Illinois is effective, and remains effective, from the date of its proper grant. *Union Cty., Ill. v. MERSCORP, Inc.*, 735 F.3d 730, 734 (7th Cir. 2013); *Harms v. Sprague*, 105 Ill. 2d 215, 224, 473 N.E.2d 930, 934 (1984); *Haas v. Sternbach*, 156 Ill. 44, 57, 41 N.E. 51, 54 (1894) ("No one will contend that the recording of a mortgage is, in this state, necessary to its validity."). The recording of a mortgage only serves to put later parties, without actual notice, on notice that they cannot take a superior legal position in the property vis-à-vis the mortgagee. *Field v. Ridgely*, 116 Ill. 424, 431, 6 N.E. 156, 159 (1886).[9]

---

[6] As would the "assignment of rents" here, which is also undoubtedly a lien or security interest in Illinois. See *In re J.D. Monarch Dev. Co.*, 153 B.R. 829, 832 (Bankr. S.D. Ill. 1993); *In re Woodstock Assocs. I, Inc.*, 120 B.R. 436, 446 (Bankr. N.D. Ill. 1990). The use of the word "mortgage" in this opinion includes the assignment of rents.

[7] *See, e.g., In re Unglaub*, 332 B.R. 303, 317 (Bankr. N.D. Ill. 2005) (concluding that the recording of a mortgage constituted a transfer under the Colorado Uniform Fraudulent Transfer Act where the statute specifically provided that recordation of the interest constituted a transfer); *see also* Md. Code Ann., Real Prop. § 3-101(a) (specifically making recording a requirement to *pass title* in certain circumstances).

[8] Fundamentally this is because, absent statutory language that ties the effectiveness of the grant itself to its recording, the recording of an instrument which grants an interest in property serves only to protect the grantee of that interest against subsequent purchasers for value with no other notice; that is, the recording acts only operate to put the world on notice of the recorded interest. *See Bacon v. Nw. Mut. Life Ins. Co.*, 131 U.S. 258, 263 (1889); TIFFANY ON REAL PROPERTY § 790, at 841 (1940).

[9] While the Illinois Mortgage Foreclosure Law (IMFL) does speak of a mortgage being effective as a lien only from the time of its recording, *see* 735 ILCS 5/15-1301, it is assumed by courts in Illinois that this does not apply as to the original parties to the mortgage or as to anyone with actual notice of the interest. In discussing this statute alongside the Conveyances Act, 765 ILCS 5/30 (Illinois' general recording/notice statute), the Illinois Appellate Court remarked, "[i]t has, therefore, been recognized that *at least with respect to third parties*, a mortgage '"becomes effective when it is recorded. . ."' *Barry v. Div. II, LLC*, 2013 IL App (1st) 121944-U, ¶ 42 (quoting *Firstmark Standard Life Ins. Co. v. Superior Bank FSB*, 271 Ill. App. 3d 435, 439, 649 N.E.2d 465, 468 (1995) (emphasis added)). The court then

Here, in 2006, Trinity granted a mortgage and assignment of rents to First Midwest Bank, securing its $2,025,000 loan. There was thus undoubtedly a "transfer" in 2006. Both of these security interests were also then properly recorded. This, of course, had no effect between First Midwest Bank and Trinity, the original parties to the mortgage. After Midwest sold the note and corresponding security interest to ColFin in 2011, ColFin's loan servicing agent mistakenly recorded a satisfaction on the mortgage and assignment of rents. What was the effect of this? It rendered the security interests unperfected; that is, subsequent grantees without notice otherwise would take their interests free of the liens. *See Burgett v. Paxton*, 99 Ill. 288, 311 (1881) ("[W]here there has been a mistaken entry of satisfaction of record of a mortgage, a purchaser without actual notice of the mistake will take a title clear of the mortgage."). The mortgage and assignment of rents remained perfectly valid as between the parties.[10] When the interest was re-perfected by filing the cancellation of satisfaction in 2015, again, nothing changed between the parties; no property rights changed hands.

As such, the only relevant "transfer" was the granting of the mortgage. The re-perfection of that interest in the recording system did not "creat[e] . . . a lien,"[11] nor did the recording of the interest constitute a "mode"[12] of parting with the debtor's interest in property. The entirety of the

---

further noted that parties with actual or constructive notice of a mortgage take subject to that interest, which is plainly inconsistent with a literal reading of 735 ILCS 5/15-1301. *Barry*, at ¶ 43 (quoting *Skidmore, Owings & Merrill v. Pathway Fin.*, 173 Ill. App. 3d 512, 514, 527 N.E.2d 1033, 1034 (1988)). *See also In re Turner*, 558 B.R. 269, 278 (Bankr. N.D. Ill. 2016) (thoroughly discussing the above and predicting that the Illinois Supreme Court would hold that an unrecorded mortgage is effective against parties with notice); *In re Arnold*, 483 B.R. 515, 520 (Bankr. N.D. Ill. 2012) (noting, after citing and discussing the IMFL and Conveyances Act, that it has "no quarrel" with the idea that mortgages are effective against parties with actual notice).

[10] *See Bank of New York v. Langman*, 2013 IL App (2d) 120609, ¶ 21, 986 N.E.2d 749, 753 (citing and discussing *Vogel v. Troy*, 232 Ill. 481, 83 N.E. 960 (1908); *Lennartz v. Quilty*, 191 Ill. 174, 60 N.E. 913 (1901); *Ogle v. Turpin*, 102 Ill. 148 (1881)). There does not seem to be a dispute here that ColFin's agent, acting by mistake, was not authorized to record the release.

[11] 11 U.S.C. § 101(54).

[12] *Id.*

mortgage had already been conveyed to the mortgagee, and no interest in property was left to be relinquished by the debtor-mortgagor that could have been acquired by any act of perfection or re-perfection on the part of the mortgagee.

## Conclusion

The plaintiff's complaint alleges that the cancellation of the mistakenly recorded satisfaction in the record system constituted an avoidable "transfer" under § 548. In order to state a claim for relief, this allegation, if true, must allow for an inference of the defendant's liability. Owing to the fact that the recording of a mortgage[13] in Illinois does not, as a matter of law, constitute a "transfer" between the parties to the mortgage under § 101(54), a separate order will be issued dismissing the plaintiff's complaint with prejudice for failure to state a claim upon which relief can be granted.

Dated: September 13, 2017

_____
DEBORAH L. THORNE
UNITED STATES BANKRUPTCY JUDGE

---

[13] The cancellation of the 2013 satisfaction in this case amounts only to a re-recording or re-perfection of the mortgagee's interest because the 2013 satisfaction was recorded by mistake and was never acted nor relied upon by the parties, meaning the mistakenly recorded satisfaction's effect was limited strictly to third party notice of the mortgagee's interest.